**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0001355**
**28-FEB-2017**
**08:13 AM**

NO. CAAP-14-0001355

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN RE MARN FAMILY LITIGATION

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NOS. 98-5371-12 and 98-4706-10;
MASTER FILE NO. 00-1-MFL-3RD)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

This appeal is one of many in the Marn Family

Litigation, which has been ongoing for almost twenty years. See

In re Marn Family, No. SCWC-10-0000181, 2016 WL 7385570, at *1

(Haw. Dec. 21, 2016). Here, Defendant-Appellant Alexander Y.

Marn (**Alex**) appeals,[1] *pro se*, from a post-judgment Order Granting

Receiver Ronald K. Kotoshirodo's Motion to Expunge Non-Consensual

Common Law Lien (**Order to Expunge**) filed on November 24, 2014, in

the Circuit Court of the First Circuit (**Circuit Court**).[2]

---

[1]     While both Alex and Eric Y. Marn (**Eric**) filed the Notice of Appeal
in this case, only Alex filed an opening brief, and he did so on behalf of
only himself.

[2]     The Honorable Rhonda A. Nishimura presided.

Although Alex raises numerous arguments that are not properly before the court on appeal from the Order to Expunge, Alex raises a single point of error germane to this appeal, arguing that the Circuit Court abused its discretion in expunging the lien filed by Alex and Eric against a property located at N. Judd St. in Honolulu, Hawai'i (**Property**).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Alex's appeal as follows:

First, as Appellee Liquidating Receiver S. Steven Sofos (**Sofos**) contends and to the extent that this court is able to discern,[3] Alex did not appear at the hearing on the motion to expunge, file a memorandum in opposition, or otherwise oppose the motion. Hawaii Revised Statutes (**HRS**) § 641-2 (2016), provides, in relevant part: "The appellate court may correct any error appearing on the record, but need not consider a point that was not presented in the trial court in an appropriate manner."

> The general rule is that an issue which was not raised in the lower court will not be considered on appeal. There are sound reasons for the rule. It is unfair to the trial court to reverse on a ground that no one even suggested might be error. It is unfair to the opposing party, who might have met the argument not made below. Finally, it does not comport with the concept of an orderly and efficient method of administration of justice.

Kawamata Farms, Inc. v. United Agri Prod., 86 Hawai'i 214, 248, 948 P.2d 1055, 1089 (1997) (citations and internal quotation marks omitted; format altered). Alex makes no argument why this

---

[3] Alex has failed to state "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court," as is required pursuant to Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4).

court should undertake a plain error review, or why "justice otherwise requires" this court to review his arguments raised for the first time on appeal. It appears that Alex waived any argument against the expungement of the lien and that, therefore, the Order to Expunge should be affirmed. See Paul v. Dep't of Transp., 115 Hawai'i 416, 428, 168 P.3d 546, 558 (2007).

In any case, Alex's arguments that the Circuit Court abused its discretion and otherwise erred in expunging the lien is without merit.

Alex primarily contends that the Circuit Court lacked jurisdiction to expunge the lien because the Property at issue was Land Court property, his "lis pendens" was a statutory lien filed pursuant to HRS §§ 501-151 and 634-51, and only the Land Court has jurisdiction in the matter. As a preliminary matter, Alex claimed no direct interest in or title to the Property; rather, he sought to encumber the Property while he appealed the Circuit Court's rejection of his attempt to overbid a cash buyer of the Property with two purportedly available, but undocumented, loans and a "credit bid" related to the sale of the McCully Shopping Center. The Hawai'i Supreme Court has held that the application of lis pendens should be limited to actions directly claiming title to or a right of possession of real property. S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club, 75 Haw. 480, 484, 866 P.2d 951, 956 (1994). Contrary to Alex's assertion, the lien here was not a proper statutory lien simply because an appeal was pending from the order and judgment confirming the sale of the Property. There was no stay of the

order and judgment confirming the sale of the Property. Alex's filing of an appeal of the confirmation order and judgment did not support the filing of a *lis pendens*. See, e.g., TSA Int'l Ltd. v. Shimizu Corp., 92 Hawai'i 243, 265-67, 990 P.2d 713, 735-37 (1999).

Thus, the Circuit Court properly exercised its jurisdiction to expunge the lien as a nonconsensual common law lien pursuant to HRS § 507D-7 (2006), which states, in part: "If the circuit court finds the purported lien invalid, it shall order the registrar to expunge the instrument purporting to create it, and order the lien claimant to pay actual damages, costs of suit, and reasonable attorneys' fees." HRS § 507D-7(a). In addition, with respect to Land Court property, the supreme court has held that "the circuit court has jurisdiction to expunge a *lis pendens* pursuant to HRS § 501-151 (1993), HRS § 501-152 (1993), and TSA International Ltd. v. Shimizu Corp., 92 Hawai'i 243, 990 P.2d 713 (1999)[.]" Knauer v. Foote, 101 Hawai'i 81, 83, 63 P.3d 389, 391 (2003).

Alex further contends that the Circuit Court "compounded" its lack of jurisdiction by prohibiting him (and Eric) from further filings in the Land Court or at the Bureau of Conveyances, without prior leave of court. This argument is not well founded. Under HRS § 507D-2 (2006), a "Nonconsensual common law lien" is a lien that: "(1) Is not provided for by a specific statute; (2) Does not depend upon, require by its terms, or call for the consent of the owner of the property affected for its

existence; and (3) Is not a court-imposed equitable or constructive lien." HRS § 507D-7(b) provides, in relevant part:

> If the circuit court finds the purported lien is frivolous, upon application of a party in interest, the registrar, or the government counsel representing the government officer or employee affected by the purported lien, the court may also issue appropriate injunctive relief against the lien claimant to preclude further filings of any kind with the registrar for a period of five years, unless that person obtains leave of court to file another instrument with the registrar.

"'Frivolous' means without any basis in law or fact." HRS § 507D-2. HRS Chapter 507D gives the circuit courts the authority to impose such injunctive relief as issued here. Therefore, the Circuit Court had jurisdiction to prohibit Alex from filing at the Bureau of Conveyances or Land Court for five years without leave from the court.

Accordingly, the Circuit Court's November 24, 2014 Order to Expunge is affirmed.

DATED: Honolulu, Hawai'i, February 28, 2017.

On the briefs:

Alex Y. Marn,
Defendant-Appellant, *Pro Se.*

Louise K.Y. Ing,
Zachary M. DiIonno,
Laura P. Moritz,
(Alston Hunt Floyd & Ing),
for Liquidating Receiver,
S. Steven Sofos.

Presiding Judge

Associate Judge

Associate Judge

5